**MODERN HOMES CONSTRUCTION COMPANY, Appellant,**

v.

**Leroy HENDERSON et ux., Appellees.**

**No. 4524.**

Court of Civil Appeals of Texas.

Waco.

Sept. 29, 1966.

Rehearing Denied Oct. 20, 1966.

Turner, Rodgers, Winn, Scurlock & Terry, Frank E. McLain, Dallas, for appellant.

W. A. Keils, Jr., Teague, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment decreeing a Mechanic's and Materialman's Lien, and a Deed of Trust Lien void, and removing cloud from title of Lot 9, Block 140 of the City of Teague, Freestone County.

Plaintiffs Henderson and wife sued defendant Modern Homes, alleging defendant recorded a Mechanic's and Materialman's contract and a Deed of Trust in Freestone County, purporting to place liens on Lot 9, Block 140 of the City of Teague; that both instruments show to be signed by plaintiffs and acknowledged before a Wilburn L. Grube, Notary Public of McLennan County, Texas; that the property involved is plaintiffs' homestead; and that plaintiffs did not sign or acknowledge same before any Notary Public, or in McLennan County. Plaintiffs prayed that 2 liens be set aside and held for naught. Defendant answered by general denial.

Trial was before the court without a jury, which after hearing entered judgment that the property involved was plaintiffs' homestead; that plaintiffs did not sign or acknowledge the instruments before a Notary Public; that the instruments are void insofar as they attempt to fix a lien on the property; set aside the liens created by such instruments, and removed same as a cloud of title on plaintiffs' property.

Defendant appeals on 7 points, contending the trial court erred in concluding as a matter of law that at the time plaintiffs signed the Mechanic's Lien contract and Deed of Trust on January 27, 1961, their real property constituted and was their homestead. (It is undisputed that plaintiffs did not sign before a Notary Public and that the certificates of acknowledgment on the 2 instruments are false and untrue).

The record reflects that plaintiffs were married in 1941; that they purchased Lot 9 of Block 140 on August 17, 1959; that such property was a vacant lot; that plaintiffs owned no other property; that plaintiffs caused a house to be built on the property following January 27, 1961 and live in such house now. There is testimony the property was plaintiffs' homestead on the date the alleged liens were signed; and continued to be their homestead to the date of trial.

We think the trial court had a right to conclude that the property was the plaintiffs' homestead. See Sec. 76, 28 Tex. Jur.2d, p. 466.

All defendant's points and contentions have been considered and are overruled.

Affirmed.